Ham,, Judge,
dissentiente. — I confess I entertain doubts respecting the opinion given by my brethren in this case. It may be taken for granted, that where it is proper to explain a writing, not under seal, by parol evidence, it may be done in a court of law as well as in a court of equity; and I grant that when it appears to be the intention of the parties to commit their contract to writing, whether under seal or not, and they do commit it to writing, it is not to be explained by parol evidence in any court, unless for fraud, mistake, &c. Examine this case *587 by these rules. Did the parties consider at the time, that they had committed their contract to writing? It appears from the evidence, that Smith objected to signing the writing; he was told by Brown that his signing made no difference; that if the ship yvas heard from, the charter party should have the same construction as if the writing was not signed. This was the contract; it was not confined to the arrival of the ship at Newbern. It seems that the writing was considered as a receipt for so much money at all events, but not a writing containing all the terms of their contract; it was a settlement in case the vessel did not arrive or was not heard from. It cannot be objected, that the contract is not mutual, as explained by the parol evidence; for suppose it had been ascertained that the vessel had been lost one month after her departure, the plaintiff would have been bound to return part of the money which he received as freight. Streter v. Jones, decided last term. (1 Brown 92.)
Judgment appirmed.